UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| VALERIE SMITH, and <br> JAMES SMITH <br> Plaintiffs, <br><br> v. <br><br> WEST OXFORD AGRICULTURAL SOCIETY., <br> Defendant. | ) <br> ) <br> ) <br> ) Docket No. 20-cv-1196 <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT – JURY TRIAL DEMAND

### INTRODUCTION

1. This litigation arose out of an accident at the Fryeburg Fair, operated by Defendant West Oxford Agricultural Society, on October 5, 2018 wherein the Plaintiff Valerie Smith suffered personal injuries. Co-Plaintiff, James Smith has at all times been the Plaintiff's husband. He brings a consortium claim.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000 and there exists complete diversity as between the plaintiffs and the defendant. Subject matter jurisdiction is additionally appropriate pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because the facts and circumstances giving rise to this action arose in the Town of Fryeburg, Oxford County, Maine.

4. Fryeburg Fair conducts extensive advertising and business generation activities in New Hampshire, where Plaintiffs reside.

1

## PARTIES

5. The Plaintiff's, Valerie Smith (Hereinafter "Plaintiff) and James Smith, have at all times herein, been a married couple, residing at 15 Grove Street in Bartlett, NH 03812 with a mailing address of PO Box 495 in the Town of Bartlett, County of Carroll, State of New Hampshire.

6. The Defendant, West Oxford Agricultural Society, is a Maine Corporation, with a principle address at 1154 Main Street with a mailing address of PO Box 78, Town of Fryeburg, County of Oxford, State of Maine.

## FACTS COMMON TO ALL COUNTS

7. On October 5, 2018, Plaintiffs Valerie and James Smith, were a married couple.

8. On October 5, 2018, they were paid attendees at the Fryeburg Fair.

9. Defendant West Oxford Agricultural Society, is a Maine Non-Profit Corporation, whose primary functions are the care and maintenance of the Fryeburg Fairgrounds property that Defendant owns, and the planning and operation of the annual Fryeburg Fair, which annually attracts well over 225,000 guests.

10. Plaintiffs were interested in viewing motorhomes for sale at the Fair.

11. A specific section of the Fair is planned and set up for Motorhome and Camper Sales. Each of the Camper Firms pays fees to rent space to exhibit their goods during the Fryeburg Fair.

12. Valerie Smith and her husband had viewed various motorhomes. Some motorhomes had entrances in the front, others in the rear, near Commercial Road, on the Fryeburg Fair grounds.

13. After exiting a motorhome from rear of the motorhome, Plaintiffs were walking forward toward their daughter who was waiting for them, sitting on a nearby dock structure, again for sale, again from a firm which paid the defendant for the privilege to exhibit their goods.

14. Plaintiffs were walking forward with reasonable care, when suddenly and without warning, plaintiff Valerie Smith, stepped forward and her left foot dropped into a hole from the exit of a drain pipe causing her ankle and lower leg to become injured and causing plaintiff to fall to the ground.

15. When Plaintiff Valerie Smith stepped down into the hole, her ankle badly rotated. As a result, she suffered a severe comminuted fracture of the calcaneus, with a large transverse fracture splitting the calcaneus into two pieces, as well as other leg, ankle, and foot injuries.

16. Fairgrounds officials were immediately notified.

17. Fairgrounds officials immediately acknowledged they knew precisely where Plaintiff fell, e.g. where the pipe came out of the ground.

18. As a result of the accident, Valerie Smith has undergone extensive medical care and treatment for her injuries, including hospitalizations and surgery. She has incurred substantial medical bills. Extensive future medical care and treatment and expenses are expected.

19. As a result of the accident, Valerie Smith has suffered substantial wage loss and loss of opportunity in her career as a registered nurse. These wage losses and lost opportunities are continuing and expected to continue throughout her career.

20. As a result of the accident, Valerie Smith has suffered extensive pain and suffering, and loss of enjoyment of life and activities, which are continuing and expected to be permanent.

21. The defendant, as the operator of an attraction with annual attendance over 150,000 had a duty to maintain a reasonably safe premise, to insure that areas where fair guests were expected to be pedestrians were reasonably safe from risk, to abate and/or mark and/or cordon off any areas where a substantial risk of a trip and fall incident would occur.

22. In this situation, the Defendant could simply have insured that a recreational vehicle was parked over the area of the fall to eliminate the risk or taken a number of other simple actions to eliminate the risk. The Defendant failed to do so.

## CAUSES OF ACTION

### COUNT I:

### VALERIE SMITH V. WEST OXFORD AGRICULTURAL SOCIETY (NEGLIGENCE)

23. The Plaintiffs incorporate and reallege the facts in paragraphs one through twenty-two above as if fully set forth herein.

24. At all relevant times hereto, the Defendant owed the Plaintiff a duty to maintain its premises and to operate its premises in a way that allowed for safe pedestrian travel for guests. The defendant, as the owner and operator of an attraction with annual paid attendance of over 225,000 guests, had a duty to maintain a reasonably safe premise, to inspect their property to ensure that areas where fair guests were expected to be were reasonably safe from risk, and to abate and/or mark and/or cordon off any areas where a

substantial risk of a trip and fall incident would occur, so that such a fall would not occur. This included following all relevant site safety standards and codes.

25. Despite the duties as stated in the preceding paragraph, the Defendant failed to reasonably inspect and maintain its premises and failed to operate its premises in a way that allowed for safe pedestrian travel for guests during the very busy fair week.  The defendant, as the owner and operator of an attraction with annual attendance of over 225,000 guests failed in its duty to maintain a reasonably safe premise, failed to reasonably inspect their property to ensure that areas where fair guests were expected to be were reasonably safe from trip and fall risk, and to failed to abate and/or mark and/or cordon off all areas where a substantial risk of a trip and fall incident would occur, so that such a fall would not occur.

26. That, as a direct, proximate ,and foreseeable result of the Defendant's negligence, the Plaintiff was caused to not be aware of the exiting area of the drain pipe, and as a result to step down into the unmarked drainage exit hole.  As a result of the defendant's actions, plaintiff was caused to suffer severe, disabling and permanent injuries including incapacitating and permanent injuries to her calcaneous, lower leg and ankle,  and traumatic emotional injuries, including PTSD, to suffer and continue to suffer severe physical pain and emotional distress, which will be permanent, to suffer and continue to suffer extensive lost wages and loss of earning opportunity which is expected to be permanent, and to suffer the loss of enjoyment of life which is expected to be permanent, and to incur great for medical care and treatment for her injuries, which continue to grow.

27. Plaintiff Valerie Smith seeks herein full, fair and adequate damages for the injuries

resulting from the Defendant's negligence including compensation for her injuries, physical and mental pain and suffering, past and future, medical bills and treatment, past and future, and loss wages and earning capacity, past and future, and loss enjoyment of life and activities, all such damages being past, present and future.

28. All to the damage of the Plaintiff in an amount within the jurisdiction limits of this Court.

29. The Plaintiffs' damages as described herein exceed $75,000.

## COUNT II
## VALERIE SMITH V. WEST OXFORD AGRICULTURAL SOCIETY
## (FAILURE TO WARN)

30. The Plaintiffs incorporate and reallege the facts in paragraphs one through twenty-nine above as if fully set forth herein.

31. Defendant knew or should have known of the dangers of the subject trip and fall hazard and had a duty to warn paid and unpaid guests on the property, including the Plaintiff, of the existence of the drainage outlet and fall hazard.

32. That prior to this incident, agents of the defendant were aware of the fall risk of this drainage area. That, despite that notice, Defendants did not take any action to warn paid and unpaid guests of the risk of not seeing the drainage area and of stepping down into the hole.

33. That, despite the duties stated above, Defendants failed to warn the Plaintiff of the dangers of the subject area, failed to mark or cordone off the area, and otherwise failed to warn pedestrians of the change in elevation when they approached the drain area from above the area where it could not be observed.

34. That, as a direct, foreseeable and proximate result of Defendant's failures to warn and to properly mark or cordon off the area, the Plaintiff Valerie Smith was caused to step down into the unmarked hole, and to suffer incapacitating and permanent injuries to her calcaneus, lower leg and ankle; to suffer and continue to suffer severe physical pain and emotional distress, including PTSD; to suffer and continue to suffer the loss of enjoyment of life; to suffer substantial lost wages and loss of earning capacity, and to incur great sums of money for her injury-related medical care and treatment, all of which are continuing and expected to be permanent.

35. Plaintiff Valerie Smith herein seeks full, fair and adequate damages for the injuries and personal and financial damages resulting from Defendant's negligence including the injuries received, physical and mental pain and suffering, medical bills, lost wages and loss of earning capacity, and loss of the enjoyment of life, all such damages being past, present and future.

36. All to the damage of the Plaintiffs in an amount within the jurisdictional limits of this Court.

37. The Plaintiffs' damages as described herein exceed $75,000.

## COUNT III LOSS OF CONSORTIUM
## JAMES SMITH V. WEST OXFORD AGRICULTURAL SOCIETY

39. The Plaintiffs hereby incorporate paragraphs one through thirty-seven as if expressly rewritten herein.

40. That as a direct and proximate result of defendant West Oxford Agricultural Society's

negligence and/or failure to warn, and plaintiff Valerie Smith's resultant severe, disabling and permanent injuries, plaintiff James Smith has suffered mental anguish and a loss of consortium in accordance with NH and /or Maine Law.  The plaintiff James Smith seeks full, fair and reasonable compensation for his loss of consortium which is ongoing and expected to be permanent.

41. All to the damage of the plaintiff in an amount within the jurisdictional limits of this Court.

42. The Plaintiffs' damages as described herein exceed $75,000.

<u>DEMAND FOR A JURY TRIAL</u>

The Plaintiffs respectfully request a trial by jury on all counts and issues so triable.

Dated: December 23, 2020

Respectfully submitted,
VALERIE SMITH AND JAMES SMITH
By their attorneys,

 /s/ Paul W. Chant
_____
Paul W. Chant, NH ID# 418
Christopher T. Meier, NH ID# 17135
COOPER CARGILL CHANT, P.A.
2935 White Mountain Highway
North Conway, NH 03860
Tel:	603-356-5439
E-Mail:	pchant@coopercargillchant.com

Y:\CLIENT FILES\20935 - Smith, Valerie\Pleadings\Complaint 121720.docx